Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Central  District of California

Western  Division



FILED
CLERK, U.S. DISTRICT COURT
5/10/21
CENTRAL DISTRICT OF CALIFORNIA
BY: CS DEPUTY

Michaeal J. Holmes

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

–v–

John A. Kronstadt

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No.  CV21-3957-RGK(KSx)

*(to be filled in by the Clerk's Office)*

Jury Trial:  *(check one)*    ☒ Yes    ☐ No

## COMPLAINT FOR A CIVIL CASE

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Michael J. Holmes |
| Street Address | 2961 E. Hillside Drive |
| City and County | West Covina  and Los Angeles |
| State and Zip Code | CA and 91791 |
| Telephone Number | (626) 373-4331 |
| E-mail Address | mh070582@yahoo.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | John A. Kronstadt |
| Job or Title *(if known)* | Judge |
| Street Address | 350 W. First Street, Courtroom  10B |
| City and County | Los Angeles |
| State and Zip Code | CA and 90012 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.      Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒  Federal question                    ☐  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.      If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Aricle III which extends the jurisdiction to cases arisingunder the U.S. Constitution

### B.      If the Basis for Jurisdiction Is Diversity of Citizenship

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff,  *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.      If the plaintiff is a corporation

The plaintiff,  *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant,  *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

   b.  If the defendant is a corporation

     The defendant, *(name)* _____, is incorporated under

     the laws of the State of *(name)* _____, and has its

     principal place of business in the State of *(name)* _____.

     Or is incorporated under the laws of *(foreign nation)* _____,

     and has its principal place of business in *(name)* _____.

     *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

  3.  The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Short Statement-The Plainitff has filed one lawsuit against Philip S. Gutierrez. The Defendant is not allowing the court procedding to occur, where the Plainitff and the Defendant will present their arguments and evidence, so that the Defendant can make a ruling based on these facts during the trial. The Defendnats actions has created a controversey, in a  pending lawsuits where the Defendant is the Judge.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Requested Relief is an injunctive Relief and a Declaratory Relief stating the rights and obligations of the Defendant when presiding over case number 2:21-cv-03449-JAK-PLA

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          05/08/2021

Signature of Plaintiff

Printed Name of Plaintiff      Michael J. Holmes

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Michael J. Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331

Plaintiff Pro Se Litigant

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF CALIFORNIA


Michael J. Holmes                              Civil Docket No.

          Plaintiff(s),                   Verified Complaint

   vs.                                         Complaint For:

John A. Kronstadt                              Violation of the

         Defendants                     Plaintiffs 14th Amendment

                       Rights

**Introduction**

This suit is being filed under Title 42 United States Code Standard 1983 ("Section 1983") alleging violations of the Plaintiffs Fourteenth Amendment equal protection rights . This lawsuit request for injunctive relief and declaratory relief.

_____

The Plainitff has filed one lawsuit against Philip S. Gutierrez where the Defendant is the judge. The Defendant is not allowing the court procedding to occur, where the Plainitff and the Philip S. Gutierrez will present their arguments and evidence, so that the Defendant can make a ruling based on the facts during the trial. The Defendnats actions has created a controversey, in a pending lawsuits where Philip S. Gutierrez is the Judge.

_____

Denial of the Plaintiffs constitutional and civil rights are not a judicial function and conflicts with any definition of a judicial function.

This complaint will include case references and cases where judges were held accountable when their knowing and willing action fell outside the boundaries of their job description. That failure to follow simple guidelines of their position makes a judges actions no longer a judicial act but an individual act as the act represents their own prejudices and goals .

Case law states that when a judge acts as a trespasser of the law, when a judge does not follow the law, they lose subject matter jurisdiction and the judge's orders are void , of no legal force or affect.

Monetary Damages can be recovered from a judge if the Plaintiff can prove that the judge acted beyond his or her legal; jurisdiction . It is in fact possible to obtain **relief in equity** against a judge.

_____

## Jurisdictional Basis

I. Plaintiff claims federal jurisdiction pursuant to Article III which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit against the Defendant, pursuant to title **42 U.S. Code 1983** for violations of protections, guaranteed to him by fourteenth amendment of the federal constitution.

III. Plaintiff Michael J Holmes is a natural person residing at 2961 E. Hillside Drive, West Covina CA 91791, Los Angeles County, California.

IV. Defendant John A. Kronstadt (Bar# 71555) presiding at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 10B.

_____

The Plaintiff alleges the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statue.

_____

## Statement of Case

**Title 42 U.S. Code 1983** Every person who, under color of any statue, ordinance, regulation custom or usage of any state of territory subjects, or causes subjected to , any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law and suit in equity.

Due to the negligent act of the Defendant, the controversy between the Plaintiff and Defendant will continue to intensify which will cause irreparable harm and a inadequacy of damages to the Plaintiff. Due to the negligent act of the Defendant and the Controversy with the Defendant the controversy between the Plaintiff and Philip S. Gutierrez will intensify and cause irreparable harm and a inadequacy of damages to the Plaintiff.

---

The Defendant dismissed case number 2:21-cv-03449-JAK-PLA where the controversy was between the Plaintiff and Philip S. Gutierrez. Philip S. Gutierrez terminated case # 2:21-cv-2250-PSG-RAO citing that Judge Diana Marsteiner is immune from injunctive relief and declaratory relief (Exhibit 1). "An injunctive relief is a court order requiring an individual to do or omit doing a specific action. Courts utilize this remedy in to alter or maintain the status quo, depending on the circumstances, particularly where the defendant -party must stop its course of action to prevent possible injustice and irreparable harm to the Plaintiff. Injunctive relief is a discretionary power of the court, in which the court balances the irreparability of harm an inadequacy of damages if an injunction were not granted against the damages that would result if an injunction was granted. Failure to comply with an injunction may result in being held in contempt of court, which in turn may result in either criminal or civil liability. See, e.g., Roe v. Wade 410 US 113 (1973) (www.law.cornell.edu).

Due to Philip S. Gutierrez terminating case # 2:21-cv-2250-PSG-RAO, during the following workers compensation, 132 A hearing, on or around March 23rd 2021, Judge Diana Lynn

Marsteiner ended the court call, and hung up while the Plaintiff was speaking, leading up to asking Judge Diana Lynn Marsteiner a question that did not require legal advice. When Judge Diana Lynn Marsteiner ended the court call and hung Judge Diana Lynn Marsteiner created a hostile environment, the Plaintiff felt discriminated against due the Plaintiffs race and the Plaintiff fears retaliation by Judge Diana Lynn Marsteiner.  Judge Diana Lynn Marsteiner did not set a hearing/trial continuation date before ending the court call and hanging up while the Plaintiff was still speaking.

The controversy with the Defendants action allows for the controversy of Philip S. Gutierrez actions to continue which allows the controversy of the actions of Judge Diana Lynn Marstetiner to continue and the Plaintiff  will continue to suffer injury as a result irreparable harm and a inadequacy of damages that will continue to intensify against the Plaintiff.

The Plaintiff received a notice called the  "Notice TO Parties Of Court-Directed ADR Program" (Exhibit 2) which stated on the second page,  the first 16 words of the, beginning sentence ("the effort of the court to achieve a fair, timely and just outcome in all cases") detail the process of a court proceeding. The Plaintiff has not been treated fair, given a just outcome, the Plaintiffs 14th Amendment rights have been violated by the Defendant  and as a result, due to the Defendants action of terminating case# 2:21-cv-03449-JAK-PLA the Plaintiff  will continue to suffer injury as a result irreparable harm and a inadequacy of damages that will continue to intensify against the Plaintiff.  The Plaintiff feels the Defendant is bias and is displaying a prejudice towards the Plaintiff.

The Defendant dismissed case number 2:21-cv-03449-JAK-PLA where the controversy was between the Plaintiff and Philip S. Gutierrez.  Philip S. Gutierrez terminated case #2:21-cv-02745-PSG-RAO  citing 1) the Judge Diana Marsteiner is immune from injunctive relief and declaratory relief and 2) the lawsuit is legally and/or factually frivolous.

(1)"An injunctive relief is a court order requiring an individual to do or omit doing a specific action.  Courts utilize this remedy in to alter or maintain the status quo, depending on the circumstances, particularly where the defendant -party must stop its course of action to prevent possible injustice and irreparable harm to the Plaintiff. Injunctive relief is a discretionary power of the court, in which the court balances the irreparability of harm an inadequacy of damages if an injunction were not granted against the damages that would result if an injunction was granted.  Failure to comply with an injunction may result in being held in contempt of court, which in turn may result in either criminal or civil liability. See, e.g., Roe v. Wade 410 US 113 (1973) (www.law.cornell.edu).

Declaratory judgments/relief serves as a binding judgment from a court defining the legal relations between the Plaintiff and the Defendant and their rights during the case.  Article III of the U.S. Constitution, a federal court may only issue a declaratory judgment when there is an actual controversy.  The Plaintiff was unable to find a declaratory relief that Judge Diana Lynn Marsteiner violated. Declaratory Relief for Judge Diana Lynn Marsteiner is unavailable.

The controversy in the second lawsuit is that the Plaintiff submitted seven petitions which are all imperative to the outcome of this case. Judge Diana Lynn Marsteiner did not rule on six petition that Judge Diana Lynn Marsteiner received from the Plaintiff.  This is a pending case, and more petitions have been submitted which  play a vital role in the outcome of this case.  By the

Defendant dismissing this lawsuit, the Defendant is telling the public, the Plaintiff and Judge

Diana Marsteiner that it is ok for Judge Diana Marsteiner to ignore the Plaintiffs petition and rule

on the Plaintiffs case as Judge Marsteiner desires.  That is not justice.

The Plaintiff feels the Defendant is bias and is displaying a prejudice towards the Plaintiff.  The

Defendant has the opportunity to make sure that justice is served and the Defendant does not

desire to do this, and as a result the Plaintiff is suffering irreparable damages.

(2)"A petition is a legal document formally requesting a court order" (ivestopedia.com). "In 2009

the United states Supreme Court heard the case of Citizens United v. Deferal Election

Commission, which focused on campaign spending by organizations. The court held that

campaign spending was considered a form of speech protected by the First amendment to the US

Constitution and the organizations such as nonprofits or unions and businesses were allowed to

spend money of political issues without government interference.  The case reached the Supreme

Court after Citizens' United issued a petition of appeal" (ivestopedia.com).

2007 California Labor Code Article 1. Reconsiderations CA Codes (lab:5900-5911). Any person

aggrieved directly or indirectly by any final order, decision, or award made and filed by the

appeals board or a worker's compensation judge under any provision contained in this division,

may petition the appeals board for reconsideration (www.law.justia.com)

Petitions are vital in court proceedings. The seven  petitions that the Plaintiff  submitted to Judge

Diana Lynn Marsteniner plays a key  role in the final ruling of the pending 132A case Michael J.

Holmes vs. Behavior Frontiers, LLC. The Defendant refusing to acknowledge the controversy

Philip S. Gutierrez is a controversy itself. The Defendant refusing to acknowledge the

controversy allows the Plaintiff to face more irreparable damage from Philip S. Gutierrez and

Judge Diana Marsteiner. The Defendant refusing to acknowledge the controversy between the Plaintiff and Philip S. Gutierrez is sending a message to Philip S. Gutierrez, that Philip S. Gutierrez can do as Philip S. Gutierrez desires to do and nothing will ever happen to Philip S. Gutierrez .

That is not fair to the Plaintiff and that is not fair to the world that looks at the justice system to adhere to the first 16 words on the second page (Exhibit 2) the "Notice to Parties Of Court-Directed ADR Program" and  uphold justice,  instead of upholding misconduct from a Judge where the Defendant will face no course of correction.

---

The Defendant dismissed case number 2:21-cv-03449-JAK-PLA where the controversy was between the Plaintiff and Philip S. Gutierrez.  Philip S. Gutierrez terminating case #2:21-cv-03065-PSG-RAO citing 1) the Judge Diana Marsteiner is immune from injunctive relief and declaratory relief and 2) the lawsuit is legally and/or factually frivolous.

(1)"An injunctive relief is a court order requiring an individual to do or omit doing a specific action.  Courts utilize this remedy in to alter or maintain the status quo, depending on the circumstances, particularly where the defendant -party must stop its course of action to prevent possible injustice and irreparable harm to the Plaintiff. Injunctive relief is a discretionary power of the court, in which the court balances the irreparability of harm an inadequacy of damages if an injunction were not granted against the damages that would result if an injunction was granted.  Failure to comply with an injunction may result in being held in contempt of court, which in turn may result in either criminal or civil liability. See, e.g., Roe v. Wade 410 US 113 (1973) (www.law.cornell.edu).

Declaratory judgments/relief serves as a binding judgment from a court defining the legal relations between the Plaintiff and the Defendant and their rights during the case.  Article III of the U.S. Constitution, a federal court may only issue a declaratory judgment when there is an actual controversy.

The controversy in the third  lawsuit is, during the court call hearing on March 23rd 2021, Judge Diana Lynn Marsteiner found out that the Plaintiff had filed a federal lawsuit requesting injunctive relief and declaratory relief.   While the Plaintiff was speaking, leading up to a question for Judge Diana lynn Marsteiner, that did not require legal advice, Judge Diana Lynn Marsteiner ended the court call and hung up on the Plaintiff, while the Plaintiff was speaking. When Judge Diana Masteiner hung up while the Plaintiff was still speaking that created a hostile environment where now the Plaintiff fears retaliation.  The Plaintiff feels that the Plaintiff was discriminated against because of the Plaintiffs race.

Judge Marsteiner has never (1) ended a court call and hung while the Plaintiff , of another race (on a case where Judge Diana Marsteiner is the judge) was speaking, leading to a question that did not require legal advice. (2) Judge Diana Lynn Marsteiner never ended a court call and hung up while the Plaintiff of another race was speaking, who has filed three lawsuit against Judge Diana Lynn Marsteiner. By the Defendant dismissing this case the Defendant is providing a order to court, the public and to Judge Diana Lynn Marsteiner that Judge Marsteiners actions of ending a court call and hanging up on the Plaintiff, while a plaintiff is speaking, leading to a question that does not require legal advice, which created a hostile environment  is acceptable and that  action can be continued by Judge Diana Lynn Marsteiner.

The Defendant dismissed case number 2:21-cv-03449-JAK-PLA where the controversy was between the Plaintiff and Philip S. Gutierrez.  Philip S. Gutierrez terminated case #2:21-cv-03065-PSG-RAO  and is allowing injury and irreparable damages to the Plainitff, by Philip S. Gutierrez and Judge Diana Lynn Marsteiner to continue.

The right to a fair and impartial trial where the due process is given has been taken away from the Plaintiff. That is not fair and/or justice.

**Prayer for Relief**

Wherefore Plaintiff prays this court issues equitable relief as follows:

1.  The court issue injunctive relief ordering the Defendant to not be assigned to any more cases filed by the Plaintiff.

2.  The court issue injunctive relief ordering the defendant to recuse and/or  be removed from the Civil Case # 2:21-cv-03449-JAK-PLA

3. The court issue injunctive relief ordering a new unbiased judicial officer/Judge and a new unbiased Magistrate Judge to case #2:21-cv-03449-JAK-PLA

5. The court issue a injunctive relief ordering the defendant to grant the Plaintiff, the right to have a fair and impartial trial (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff).

6. The court issue a injunctive relief ordering the defendant to not violate the Plaintiffs 14th Amendment rights (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff)..

7. The court issue injunctive relief ordering the defendant to follow the Due Process guidelines. ***Memphis Light, Gas and Water Division v Craft, 436 U.S. 1,2 (1978) (citations omitted). "The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before being deprived of any significant protected interest"*** (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff)..

The Plaintiff request a declaratory relief detailing the rights and obligations of the Defendant providing the Plaintiff an fair trial when the Defendant received these three cases by the Plaintiff. The declaratory relief on the Defendant is unavailable.

Rule 57. Declaratory Judgment  28 U.S.C. 2201 Rule 38 and 39 govern demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory relief that is otherwise appropriate.  A declaratory relief is appropriate when it will terminate the controversy giving rise to the proceeding.  In as much as it involves only an issue of law on undisputed or relatively undisputed facts it operates frequently as a summary  proceeding justifying docketing the case for early hearing as on a motion as provided for in California  (Code Civ. Proc. (Deering, 1937)1062a) , Michigan (3 Comp. Laws(1929)13904), and Kentucky (Codes (Caroll, 1932) Civ.Pract.639a-3).

The controversy must necessarily be of a justifiable nature, thus excluding an advisory decreed upon a hypothetical state of facts,." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S. Ct. 466, 473, 80 L.E.d. 688, 699 (1936). Existence or non existence of any right, power , duty, liability , disability, or immunity or of any facts upon which such legal relations depend, or of a status may be declared. The Plaintiff must have a practical interest in the declaration sought. A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case . When declaratory relief will not be effective in settling the controversy the court may decline  to grant it, but the fact that another remedy would be equally effective affords no ground for declining declaratory relief.

---

The declaratory relief will state with precision the declaratory judgment desired.  The court may sua sponte, if it serves a useful purpose, grant instead a declaration of rights. Hasselbring  v Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933).  Written instruments, including ordinances and statutes , may be construed before or after breach at the petition of a properly interested party. The Uniform Declaratory Judgment act affords a guide to the scope and function of the Federal Act. Compare Aetna Life Insurance Co. v Haworth, 30 U.S. 227, 57S.Ct. 461 (1937); Nashville Chattanooga & St. Lousi Ryv. Wallace, 288 U.S. 249 (1933); Gully, tax collector interstate Natural Gas Co. 82 F. (2d) 145 (C.C.A.5th 1936). Ohio Casualty ins. Co. v Plummer, 13 F.Supp169 (S.D.Tex., 1935); Borchard, Declaratory Judgments (1934), passim. (Cornell Law School  www.law.cornell.edu))

---

Rule 57  of the Federal Rules of Civil Procedure and Title 28, Section 2201 of the U.S. Code govern declaratory judgments in federal court (Trellis.law).

---

Enforceability

a declaratory judgment does not provide for any enforcement however , in other words it states the courts authoritative opinion regarding the exact nature of the legal matter.

A declaratory relief claim is normally used to obtain a judicial declaration on the rights and duties of the Plaintiff and the Defendant.  (City of Tiburon v. Northwestern Pac. R.R. Co., 4 Cal. App. 3d 160, 170 (1970). Declaratory Relief is not a tool to redress past wrongs, it operates to settle controversies , before they escalate to a repudiation of obligation, invasion of rights , or the commission of wrongs (Travers v. Louden, 254 Cal. App.2d 926, 931 (1967). (Trellis.law).

---

Declaratory relief has two elements  1) a proper subject of declaratory relief, and 2) an actual controversy involving justifiable questions relating to the Plaintiffs or Defendants rights or obligations. (Jolley v. Chase Home Finance LLC 213 Cal, App 4th872, 909 (2013).) Declaratory judgments preserves a parties legal right (Osseous Technologies of America, Inc. v. Discovery Ortho PRTNERS llc, 191cAL. aPP. 4TH357, 364-365.)

Declaratory relief is appropriate when obtaining a declaration that a statute or regulation is facially unconstitutional (Violating the Plaintiffs 14th Amendment Rights).

---

Benefits  of seeking a Declaratory Relief

Code of Civil Procedure 1062.3 Provides for trial setting preference over all other civil actions with certain exceptions

The Parties can resolve disputes before actual damage occurs or irreversible damage is caused by the repudiation of an agreement.

 The application , intervention, validity, or constitutionality of a statue, ordinance or regulation may be clarified or resolved.

There is no statute of limitations specifically applicable for declaratory relief actions

Certain disputes that would normally be determined in several actions may be determined in one action, e.g. questions of indemnification;

Under CCP 1062 a declaratory judgment under the California Declaratory Judgment Act does not preclude a party from obtaining other appropriate relief(Simsasgovlaw.com).

---

An injunction is  a court order requiring a person to do or cease doing a specific action. They can be issued by the Judge early in a lawsuit to stop the Defendant from continuing his or her allegedly harmful actions and failure to comply with an injunction can result in the Defendant being held in contempt of court, which in turn may result in either criminal or civil liability.  See, e.g., Roe v. Wade 410US 113 (1973).

---

**References:**

1. **Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); and Abagninin v. AMAVAC Chem. Corp., 545 F.3d 733,742-43 (9th Cir.2008)** which states the court's authority includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.

The Plaintiff was unable to find the Defendants home address. The Defendant serve the Defendant via mail at  (1) 350 West 1st Street, Court room 8C, 8th floor, Los Angeles

The Plaintiff prays the case is not dismissed if the Defendant fails to respond. The Plaintiff will have documents that show the day and time the documents were served to all locations.

---

2. Zumani v Carnes, 491 F.3d 990, 996 (9th Cir.2007) (internal quotation marks and citation omitted).  When considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it .  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court, however, does not have to accept as true allegations that are unwarranted deductions of facts, or unreasonable inferences. In re Gilead Scis.Sec.Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) states although a complaint does not need to include factual allegations, it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on it face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quaoting reference Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is deemed facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."This claim provides sufficient information of underlying facts to give fair notice and to enable the Defendant to defend effectively (Starr v. Baca, 652 F.3d 1202, 1216 ((9th Cir.2011)).

The Plaintiff has provided 2 Exhibits

3.Lopez vs Smith 203.f3d 1122, 1126-30 (9th Cir.2000). In the result where the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected , especially if the plaintiff is pro se. ID. at 1130-31; see also Cato v. United States, 70 F3d 1103, 1106 (9th Cir.1995).

The Plaintiff prays, that if there is something that is not correct in this complaint, that the court will allow the Plaintiff to amend it.  "Woods v. Carey, 525 F.3d 886,889-90 (9th Cir.2008) (citation omitted).

4.Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) ; Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U?.S. 123 (1908). State officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injective relief).

5.  42 U.S.C. 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  In order for a Plaintiff to make a claim for a civil rights violation under section 1983, the Plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United  States Constitution or a federal statue.

6.Swarthout v. Cooke, 562 U.S. 216,219 (2011). The analysis of due  process "proceeds in two ways: We first ask whether there exists a liberty or property interest of which a person has been deprived , and if so we ask whether the procedures followed by the estate were constitutionally sufficient."

7.City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "The Equal Protection Clause of the fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarity situated should be treated alike (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982).

Following the Due Process guidelines is a law the Defendant did not follow for the Plaintiff.

8.FED.R.CIV.P.8(a),(d) (a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and " each allegation must be simple, concise, and direct").

Short statement- The Plainitff has filed one lawsuit against Rozella A. Oliver. Defendant is not allowing the court procedding to occur, where the Plainitff and the Defendant will present their arguments and evidence, so that the Defendant can make a ruling based on the facts during the trial. The Defendnats actions has created a controversey, in a  pending lawsuits where the Defendant is the Judge.

Requested Relief- Injunctive Relief, Declaratory Relief

9.Broadman v. Commission on Judicial Performance (1998) 18 Cal.4th 1079, 1090 [77 Cal.Rptr.2d 408, 959P.2d 715] (Broadman).)" Evidence of a charge is clear, and convincing so long as there is a 'high probability' that the charge is true."

---

**Reference:  Judges Held Accountable**

1) **Judge Kelly A. MacEachern**

Orange County Superior Court since 2003

Charged with making false and misleading statements

Commission on Judicial Performance ordered that the judge be removed from her judicial office and disqualified from acting as a judge.

 2) **Judge James M. Brooks**

Orange County Municipal Court since 1986

(Haluck v. Ricoh Electronics, Inc. (2007) 151 Cal.App.4th 994.)

Misconduct committed while presiding over the trial:

a) "Overruled" signs

b)The Twilight Zone

The judge gave free rein to the defendant lawyer to deride and make side remarks at will, at the expense of the Plaintiff, which violates canon 3b(3).

c) Comments During the reading of Stevenson Deposition

Commission on Judicial Performance ordered public admonishment

3) **Judge Moruza**

Alameda County Superior Court

Misconduct committed while presiding over the trial:

a) Comments in People v. Rupple

Commission on Judicial Performance ordered public admonishment

4) **Judge Coats**

San Diego County Superior Court

Misconduct committed:

1 Judge Coats ' Prior Discipline and Guidance

2) Judge Coats' Abuse of the Prestige of Judicial Office and Misuse of Court Resources

Commission on Judicial Performance ordered public admonishment

5) **Judge O 'Flaherty**

Placer County

Misconduct Committed in case: Herold v. Golden 1 Credit Union (Super. Ct. Placer County, No. RSC13621)

Commission on Judicial Performance ordered public censure

1)Finding concerning the hearing before Judge O'Flaherty

2)Finding Concerning Evidence of Threats or Intimidation

3) Finding concerning Issuance of an order

4) Findings Concerning Embroilment and Due Process Violation

5) Prior Discipline

6) Willful misconduct: Un judicial conduct that is committed in bad faith by a acting judge in their judicial capacity.(Broadman, supra, 18 CAl.4th at p. 1091.)

7) Failure to comply with the California Code of Judicial Ethics canons of judicial ethics is generally considered to constitute un judicial conduct. (Adams v. Commission of Judicial Performance(Adams)(1994) 8 Cal.4th 630, 662 [34 Cal.Rptr.2d 641, 882 P.2d 358].) The judge violated canons 1( a judge shall uphold the integrity of the judiciary), 2A (a judge shall respect and comply with the law), 3B(2) ( a judge shall be faithful to the law and 3B(7) (a judge shall accord every person who has a legal interest in the preceding the right to be heard.

8) Judge acts in bad faith (1)performing judicial acts knowing that that act is beyond the judges lawful judicial power

---

Respectfully Submitted



Michael Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331

---

**Statement of Verification**

I have read the above complaint and it is correct to the best of my knowledge.



Michael Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331


Michael J. Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331

Plaintiff Pro Se Litigant

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF CALIFORNIA


Michael J. Holmes                                    Civil Docket No.

        Plaintiff(s),

   vs.                                            Exhibit List

Judge Diana Lynn Marsteiner

        Defendants

_____

Exhibit  1                      2:21-cv-03449-JAK-PLA Court Order

Exhibit  2                      "Notice TO Parties Of Court-Directed ADR Program"

Exhibit 1

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL HOLMES,

PLAINTIFF(S)

v.

JUDGE PHILIP S. GUTIERREZ,

DEFENDANT(S)

CASE NUMBER

CV 21-3449-JAK (PLAx)

**ORDER RE REQUEST TO PROCEED**
*IN FORMA PAUPERIS (Judge of this Court)*

### MAGISTRATE JUDGE RECOMMENDATION:

☐ The Request to Proceed *In Forma Pauperis* is not supported by an adequate showing of indigency. It is therefore recommended that the Request to Proceed *In Forma Pauperis* be denied on this basis. **This recommendation is not intended to preclude the district judge from reviewing additional reasons to deny or grant the request.**

☐ The Request to Proceed *In Forma Pauperis* is supported by an adequate showing of indigency.

☒ Comments: See attached.

| April 26, 2021 | /s/ - Paul L. Abrams |
|---|---|
| Date | United States Magistrate Judge |

### FOR DISTRICT JUDGE USE ONLY:

☐ **IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* be **GRANTED.**

| | |
|---|---|
| Date | United States District Judge |

☒ **IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency          ☐ District Court lacks jurisdiction

☐ Legally and/or factually patently frivolous          ☒ Immunity as to Chief Judge Gutierrez

☐ Other: _____

Comments:
See attached.

☒ **IT IS FURTHER ORDERED** that:

☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

☒ This case is hereby DISMISSED immediately.

☐ This case is hereby REMANDED to state court.

| April 27, 2021 | |
|---|---|
| Date | United States District Judge |

CV-73 (08/16)          ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

Exhibit 2

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
### AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come to the initial scheduling conference prepared to discuss the parties' choice of ADR option. The ADR options available are: a settlement conference before the magistrate judge assigned to the case or the magistrate judge in Santa Barbara, the Court Mediation Panel, and private mediation. Counsel are also required to indicate the client's choice of ADR option in advance of the initial scheduling conference. *See* L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Each year thousands of civil cases are filed in this district, yet typically no more than one percent go to trial. Most cases are settled between the parties, voluntarily dismissed, resolved through Court-directed or other forms of ADR, or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."